Eugene F. O'Connor II, #013070
**FOLKS & O'CONNOR, PLLC**
1850 N. Central Ave., Suite 1140
Phoenix, AZ 85004
Telephone: (602) 256-9201
Facsimile: (602) 256-9101
oconnor@folksoconnor.com
*Attorneys for M&I Bank*

# UNITED STATES BANKRUPTCY COURT IN AND FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WILLIAM M. BOWER and<br>ELIZABETH A. BOWER,<br>　　　　Debtors. | Case No. 2:09-bk-18386-RTBP<br><br>Chapter 7 Proceeding |
| M&I BANK, FSB,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM M. BOWER and<br>ELIZABETH A. BOWER,,<br>as husband and wife,<br><br>　　　　　　Defendants. | Adversary No.<br><br>**COMPLAINT SEEKING<br>DETERMINATION OF DEBT<br>AS NONDISCHARGEABLE<br>PURSUANT TO 11 U.S.C.<br>§ 523(a)(2)(A), § 523(a)(4), and §<br>523(a)(6)** |

Plaintiff, M&I Bank, FSB, for its *Complaint Seeking determination of Debt as Nondischargeable* against Defendants, William M. Bower and Elizabeth A. Bower, as husband and wife (the "Debtors" or "Defendants"), states and alleges as follows:

## JURISDICTION

1.　　This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I); and venue of this adversary proceeding is with this Court pursuant to 28 U.S.C. § 1408 in that Defendants: (i) are debtors in this Chapter 7 proceeding; and (ii) are residents of the State of Arizona.

## GENERAL BACKGROUND FACTS

2.　　Plaintiff, M&I Bank, FSB, is the lender of the unsecured line of credit that is the subject of this lawsuit which was originated by telephone with the assistance of a firm named Swift Financial Corporation (hereinafter, collectively, "Plaintiff" or "Lender").

3.　　The Debtors filed their petition for voluntary relief under Chapter 7 of the Bankruptcy Code on August 4, 2009 (the "Petition Date").

4.　　Upon information and belief, Debtor William M. Bower is the sole owner of a business that operated under the name of Terra Bella Holdings, LLC ("Terra Bella"), which was in the business of sales and service of fireplaces, woodburning stoves, barbeques, spas, gazebos, and patios.

5.　　Defendant William M. Bower, applied for the unsecured line of credit loan for Terra Bella, that is the subject of this lawsuit from Lender by telephone while acting for the benefit of his marital community.

## DESCRIPTION OF LENDER'S LOAN TO TERRA BELLA
## Lender Loan No. xxxxxxx933-1

6.　　On July 11, 2008, William M. Bower obtained an unsecured line of credit loan with a maximum credit limit of $30,000.00 (the "Loan") for Terra Bella, as borrower. The Loan is evidenced by a certain Line of Credit Agreement (collectively, the "Note") which provides that its terms are ratified upon the borrower writing a check to activate the line of credit. Subsequent to obtaining the unsecured line of credit, Defendant William M. Bower activated the line of credit. A true and accurate copy of the Note is attached hereto as Exhibit 1 and is herein incorporated by this reference.

7.　　Defendant William M. Bower is also obligated pursuant to certain provisions of the Note as a personal guarantor of the indebtedness evidenced by the Note (the "Guaranty").

8.　　At the time he applied for the Loan, Defendant William M. Bower represented to the Plaintiff by way of a telephonic loan application that Terra Bella had

2

annual sales revenue in the amount of $1,200,000.00 during 2007, and earned net profits of $22,000.00. This representation is reflected on page 2 of the Loan Application, a true and accurate copy of is attached hereto as Exhibit 2 and is herein incorporated by this reference.

9.     On July 18, 2008, Defendants William M. Bower drew on the line of credit loan by arranging for a wire transfer in the amount of $15,000.00. On August 5, 2008, Defendant William M. Bower drew upon the line of credit loan by writing Check No. 1002 in the amount of $3,500.00. Two days later, on August 7, 2008 Defendant William M. Bower drew upon the line of credit loan by writing Check No. 1003 in the amount of $1,850.00. Defendant William M. Bower continued to draw upon the line of credit loan until the maximum amount of $30,000.00 had been drawn down. True and accurate copies of wire transfer advances and checks written by Defendant William M. Bower on the line of credit are attached hereto, collectively, as Exhibit 3 and are herein incorporated by this reference.

## LOAN DEFAULTS

10.     Terra Bella and Defendant William M. Bower defaulted on their obligations to Lender by, among other things, failing to make the payments required under the terms of the Note and Guaranty.

11.     As of the Petition Date, the balance due under the Note was comprised of $29,169.87 of unpaid principal, $3,003.96 of accrued and unpaid interest, and $1,288.88 of late charges and other fees, for a total of $33,462.71 (the "Loan Balance"). Interest accrues upon the Loan Balance.

12.     Lender is the owner and holder of the Note and Guaranty.

13.     In order to induce Lender to approve the Loan, Defendant William M. Bower made verbal representations to Lender during the telephonic loan application process that overstated and misrepresented his annual income as $75,000.00 in 2007. Lender relied upon Defendant William M. Bower's representations during the telephonic Loan application process to approve the Loan in July 2008.

14. But for the verbal representations made by Defendant William M. Bower, Lender would not have approved the Loan with a maximum credit limit of $30,000.00 in July 2008.

15. In fact, Defendant William M. Bower's annual income in 2007 was not $75,000.00, but rather was $27,712.00, as reflected in the Debtors' Statement of Financial Affairs, a true and correct copy of which is attached hereto as Exhibit 4.

16. Lender was harmed by the false and misleading representations made by Defendant William M. Bower during the July 2008 telephonic Loan application process.

17. Defendant William M. Bower, made the false and misleading representations while acting on behalf of his business, which was the borrower of the subject Loan, and for the benefit of his marital community which makes both Debtors responsible for payment of the Loan indebtedness pursuant to applicable Arizona community property law.

## COUNT I – NONDISCHARGEABILITY OF INDEBTEDNESS
### (11 U.S.C. § 523(a)(2)(A))

18. Plaintiff, Lender, re-alleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

19. Upon information and belief, the indebtedness owed to Lender, or a portion thereof, was obtained by false pretenses, false representations, or actual fraud.

20. As a result of Defendant William M. Bower false pretenses, false representations, or actual fraud, carried out for the benefit of himself and his marital community, the indebtedness is owed by both of the Debtors to Lender and such indebtedness is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiff, Lender, prays for relief on Count One of its Complaint against Debtors, individually, jointly, severally and against their marital community assets as follows:

A. For a determination of non-dischargeability of the Debtors' indebtedness owed to Lender pursuant to 11 U.S.C. § 523(a)(2)(A);

4

B.  For judgment against the Debtors, as husband and wife, jointly and severally, and against their marital community, in an amount to be proven at trial; and

C.  For such other and further relief as the Court may deem just under the circumstances.

## COUNT II – NONDISCHARGEABILITY OF INDEBTEDNESS
### (11 U.S.C. § 523(a)(4))

21.  Plaintiff, Lender, re-alleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

22.  Upon information and belief, the indebtedness owed to Lender, or a portion thereof, was obtained by Defendant William M. Bower, and/or the Debtors' use of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

23.  As a result of Defendant William M. Bower, and/or the Debtors' use of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, the indebtedness that the Debtors owe to Lender is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff, Lender, prays for relief on Count Two of its Complaint against Debtors, individually, jointly, severally and against their marital community assets as follows:

A.  For a determination of non-dischargeability of the Debtors' indebtedness owed to Lender pursuant to 11 U.S.C. § 523(a)(4);

B.  For judgment against the Debtors, as husband and wife, jointly and severally, and against their marital community, in an amount to be proven at trial; and

C.  For such other and further relief as the Court may deem just under the circumstances.

## COUNT III – NONDISCHARGEABILITY OF INDEBTEDNESS
### (11 U.S.C. § 523(a)(6))

24.  Plaintiff, Lender, re-alleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

25.    Upon information and belief, the indebtedness owed to Lender, or a portion thereof, was obtained by way of willful and malicious injury by the Defendant William M. Bower, and/or the Debtors to Lender or to the property of Lender.

26.    As a result of the willful and malicious injury by the Defendant William M. Bower, and/or the Debtors to Lender or the property of Lender, the indebtedness that the Debtors owe to Lender is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff, Lender, prays for relief on Count Three of its Complaint against Debtors, individually, jointly, severally and against their marital community assets as follows:

A.    For a determination of non-dischargeability of the indebtedness owed to Lender pursuant to 11 U.S.C. § 523(a)(6);

B.    For judgment against the Debtors, as husband and wife, jointly and severally, and against their marital community, in an amount to be proven at trial; and

C.    For such other and further relief as the Court may deem just under the circumstances.

DATED this 17th day of November, 2009.

**FOLKS & O'CONNOR, PLLC**


By /s/ Eugene F. O'Connor II
Eugene F. O'Connor II
1850 N. Central Ave., Suite 1140
Phoenix, AZ  85018
*Attorneys for M&I Bank, FSB*

**ORIGINAL** of the foregoing ECF filed
this 17th day of November, 2009, with:

United States Bankruptcy Court
230 N. First Ave., Suite 101
Phoenix, Arizona 85003

 /s/ Kathlyn Maez
*An employee of Folks & O'Connor, PLLC*

# EXHIBIT "1"

# Swift Business Line of Credit Agreement

*Especially for*

**BILL BOWER**
**TERRA BELLA HOLDINGS LLC**

**General.** Where used herein, the terms "we," "us" or "our" refer to Swift Financial and/or M&I Bank FSB and the terms "you" or "your" refer individually and collectively to each applicant, including the business entity (the "Company") reflected in your Swift Business Line of Credit Application (the "Application"). References to "Loan" refer to the Swift Business Line of Credit that you have been approved for, the terms and conditions of which are the subject of this Agreement.

**Acceptance.** You agree that by writing checks drawn against or activating a card access device linked to your Swift Business Line of Credit or otherwise accessing or accepting Loan proceeds or notifying us of your acceptance, you will have automatically accepted the terms and conditions of your Loan, including those set forth herein and in the Application, which is incorporated into this Agreement by reference. Furthermore, you will be deemed to have accepted the terms and conditions of your Loan if any person or entity accesses your Loan (whether by check, card or otherwise) with your express or implied permission ("Authorized User").

**Promise to Pay.** You, both individually and on behalf of the Company, jointly and severally promise to pay us, in lawful money of the United States of America, all loans, advances, overdraft transactions, fees, charges, interest, finance charges and all other debts, obligations and liabilities of every kind and description, arising out of all account transactions authorized by you, any Authorized User, or any other authorized person or entity, plus any collection costs, including court costs and reasonable attorneys' fees.

**Business Purpose.** You represent that (a) the Company is a valid business entity in good standing under the laws of the jurisdiction of its organization; (b) you are a partner, proprietor, member or other duly elected officer of the Company and that pursuant to all requisite resolutions, governing documents or other corporate actions you are authorized to complete this application and to borrow on behalf of the Company; and (c) the Loan will be used for business purposes only as defined in the Truth-in-Lending Act and Regulation Z.

**Liability for Use.** You agree to restrict access to the Loan, including the account number, checks, cards, security codes, and other access devices, to those individuals you give express or implied authority to, and to notify us immediately if you have any reason to suspect that anyone other than your officers, employees or agents you have authorized to use the Loan have obtained access. You will be liable for all authorized use of the Loan (whether express or implied) and, to the extent you are aware of or suspect unauthorized use and fail to notify us in a timely manner, as described above, you may be liable for those transactions as well.

**Purchases.** We are not responsible for refusal by any merchant, financial institution or automated equipment to honor or accept a check or card access device associated with your Loan. We have no responsibility for merchandise or services obtained with such access devices and any dispute concerning merchandise or services will be independently settled by you and the merchant in question.

**Suspension of Future Advances.** We and you have the right to cancel this Agreement, as it relates to future advances, at any time without Default. You, of course, remain obligated to repay all outstanding balances existing at the time of cancellation together with interest thereon, and our rights and remedies will remain in full force and effect until such amounts are paid.

**Cancellation of Card.** You may cancel the card(s) of any Authorized User(s) by notifying us, in writing, at the address indicated on your monthly statement or by calling us at 1-888-89-SWIFT. You shall destroy any cards issued to Authorized Users whose privileges have been terminated. You will not be responsible for any unauthorized transactions arising from that card after we have received notice from you.

**Term.** The initial term of this Agreement shall be one year. The Agreement shall automatically renew for successive one year terms unless we provide you written notice of our intent to terminate the Agreement at least thirty (30) days before any such renewal.

**Use of Information.** Notwithstanding any other verbal or written communications or representations to the contrary, you agree that we or our servicers or assigns can collect and use information concerning the borrowers, Authorized Users, and transactions involving the Loan and can sell or transfer such information to our affiliates, servicers not to share or assigns, except as prohibited by law. You may direct us with our affiliates or subsidiaries certain information (other than transactions or experience information) about you by writing to the address indicated on your monthly statement

**Assignment.** You agree that we may sell, assign or transfer our rights under this Agreement without written notice. You may not sell, assign, participate or transfer your rights under this Agreement without our prior written consent, any such attempted sale, assignment, etc. without such consent shall be considered null and void.

**Monitoring.** You agree that we may record telephone calls and have personnel listen to such calls between you and our representatives in order to evaluate the quality of our service to you and other borrowers.

**Governing Law and Venue.** This Agreement will be governed by federal law applicable to us and, to the extent not preempted by federal law, the laws of the State of Nevada without regard to conflicts of law provisions. This Agreement has been accepted by us in the State of Nevada. If there is a lawsuit, you agree upon our request to submit to the jurisdiction of the courts of the State of Nevada.

**Successors Interest.** The terms of this Agreement shall be binding upon you, your heirs, personal representatives, successors and assigns, and shall inure to the benefit of us and our successors and assigns.

**Jury Waiver.** We and you hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either of us against the other.

**Miscellaneous Provisions.** If any part of this Agreement cannot be enforced, this fact will not affect the rest of the Agreement. We may delay or forgo enforcing any of our rights or remedies under this Agreement without losing them. You, both individually and on behalf of the Company, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor.

ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWERS) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

**Credit Line.** Your Loan is a revolving line of credit and has been approved with a credit line of $30,000 which is the maximum principal amount that may be outstanding at any one time. You agree that you will not request advances against your Loan (whether by check, card or otherwise) in excess of the amount of credit you have been approved for. You agree that we may terminate or suspend your ability to access your credit line at any time.

**Payment.** You agree to pay a Minimum Monthly Payment equal to 1.00% of the outstanding principal balance of your Loan plus any accrued unpaid interest and fees related thereto. Your payments will be applied first to interest, then principal, and finally to any unpaid fees. You agree not to send us payments marked "paid in full," "without recourse," or similar language. If you send such a payment, we may accept it without losing any of our rights under this Agreement, and you will remain obligated to pay any amounts owed. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: M&I Bank FSB, P.O. Box 3023 Milwaukee, WI 53201-3023. Payments made by phone will be subject to a $5.00 fee.

**Variable Interest Rate.** The interest rate on your Loan will be the Index Rate plus 8.99% (currently 13.99%) and is subject to change from time to time based on the value of the Index Rate. The Index Rate will be the effective U.S. Prime Rate of interest as published in *The Wall Street Journal* "Money Rates" table. A change in the Index Rate will take effect on the first day of your statement period each month. If the Index Rate ceases to be made available to us, we may substitute a substantially similar index. The annual interest rate for your Loan is computed by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Under no circumstances will the interest rate be more than the maximum rate allowed by applicable law.

**Prepayment.** You may pay all or a portion of the outstanding balance at any time without penalty. Early payments will not, unless agreed to by us in writing, relieve you of the obligation to continue to make Minimum Monthly Payments. Rather, early payments will reduce the principal balance outstanding.

**Late Payment.** If your payment is 32 days or greater past due, you will be charged a late payment fee equal to 1.00% of the total outstanding balance.

**Return Item Fee.** If you make a payment that is dishonored or returned for insufficient funds you agree to pay a fee of $25 for each such payment.

**Over Limit Fee.** If you cause the balance of your Loan to exceed your credit limit, you agree to pay a fee of $25 for each such occurrence.

**Stop Payment.** You may ask us to stop payment on a check written against your Loan by calling us or writing us at the telephone number or address shown on your monthly statement

**Default.** Each of the following shall constitute an event of default ("Default") under this Agreement: (a) your payment is 32 days or greater past due ("Payment Default"); (b) you fail to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or any related documents; (c) any warranty, representation or statement made or furnished by you or on your behalf under this Agreement is false or misleading at the time thereof or becomes false or misleading at any time thereafter; (d) dissolution or termination of the Company's existence as a going business, the insolvency of the Company, the appointment of a receiver for any part of your property, any material change in the ownership of the Company, (e) if asking for your legal name or address without providing at least 30 days prior notice of the change to us; or (g) if material adverse to your financial condition or circumstances lead us to reasonably believe the prospect of payment or performance of this Agreement is impaired. Upon Default, we may declare the entire unpaid principal balance under this Agreement and all accrued unpaid interest and fees immediately due, and you will be required to pay that amount.

**Payment Default.** In the event of a Payment Default, the annual interest rate on your Loan will be changed to Index Rate + 19.99% (not to exceed 28.99%). You may cure a Payment Default by paying any past due amounts and making six months of consecutive timely Minimum Monthly Payments, at which point your interest rate will revert to its "pre-Default" level.

**Attorney's Fees and Expenses.** We may hire or pay someone else to help collect amounts due under this Agreement if you fail to pay. You will pay us that amount. This includes, subject to any limits under applicable law, our attorneys' fees and our legal expenses whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, you will also pay any court costs, in addition to all other sums provided by law.

**Change in Terms.** We may change or terminate any terms, conditions, services or features of your Loan or this Agreement (including increasing fees and charges) at any time. We may also add new terms, conditions, services and features to your Loan or this Agreement. We may impose any change in terms or any new terms on your outstanding balance as well as on subsequent transactions and balances. To the extent required by law, we will notify you in advance of any change in terms or any new terms by mailing a notice to you at your address as shown on our records.

**Updated Financial Information.** Upon request, you agree to promptly give us accurate business and personal financial information.

**Credit Information.** You authorize us to furnish information about your Loan to credit reporting agencies and others who may lawfully receive such information, including our affiliates. You understand that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Liability for Unauthorized Use.** You agree that this Agreement controls all use of your Loan by you or any Authorized User. You will promptly notify us, verbally and in writing, at the address indicated on your monthly statement of the loss, theft, or unauthorized use of any access device related to your Loan (including checks, cards or security codes). Except as provided below, you will not be responsible for any unauthorized use of checks, cards, or other access devices after we receive written notice from you. If fewer than 10 card access devices have been issued in connection with your Loan, your liability for unauthorized use arising from such devices shall not exceed $50. If 10 or more card access Devices have been issued in connection with your Loan, you will be liable for all unauthorized use of the Loan arising from such devices. You agree to promptly review your monthly statements and notify us, in writing, at the address indicated on your statements of any errors or unauthorized transactions appearing on the statement. If you do not notify us, in writing at the address indicated on your statements, of an error or unauthorized transaction within 60 days of receipt of the statement on which the information is contained, the statement will be presumed to be correct and all transactions on the statement will be presumed to be authorized.

# EXHIBIT "2"



## Application #1025782 - The Heat Is On

### System Messages

Underwriter Message(s)

1. 7/11/2008 3:26:35 PM - Application Sent To Edit Application Task for Reprocessing (Kristin.Kennedy)

### Section 1: Credit Request (1)

#### Product - LOC

| | Requested | Minimum | Maximum | |
|---|---|---|---|---|
| Amount | $100 | $0 | $100,000 | |
| Term (months) | Requested 12 | Minimum 1 | Maximum 12 | |

Other Description

Loan Purpose : Working Capital
Submission Type : New Loan
Priority Code : BDGV4HF11                    (read only)
Input Channel : 7                           (read only)

How did you hear about us? :                        Please Describe Other

Application Signed? : Yes
Bank Received Date :
Start Date : 07/11/2008
Application Taken By : SWIFT\Rpowell

**Additional Features**

Yes  Would you like card access?
No   I'm interested in a Swift Business Checking account.

Please enter any
additional comments

**Wire Transfer Information**

Do you want a wire transfer? No

| Routing Number | Account Number | Bank Name | Name on Account | Amount |
|---|---|---|---|---|
| | | | | |

**Marketing Information**

Product : Unsecured Line of Credit

| | Max | Min | |
|---|---|---|---|
| Margin : | 0.1399 | to | 0 |

Rate Type : Variable

| Fees | Annual $0 | Cash $0 | Late $0 | Overdraft $0 | Other 1 | Other 2 |
|---|---|---|---|---|---|---|
| Account Fees | | Cash | | Late | | |

Auto Pay

### Section 2: General Business Information (1)

#### Business - terra bella holdings llc (Primary)

#### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering
activities, Federal law requires all financial institutions to obtain, verify, and
record information that identifies each person who opens an account.

Legal Name : terra bella holdings llc
Verify Business Legal Name : terra bella holdings llc
Doing Business As : The Heat Is On
Federal Tax ID :

Experian / D&B D-U-N-S Number | 199765975 | Enter NO-REPORT to proceed without pulling D&B report

Business Structure | Limited Liability Corporation

Industry | Retail Trade

Business / Physical Address
Address Line 1
6550 E 2nd St | (No P.O. Boxes)
Address Line 2
Ste A
City | PRESCOTT VALLEY | State AZ | Zip 86314

Is the mailing address for the business different from the physical address? | No

Mailing Address
Address Line 1
6550 E 2nd St
Address Line 2
Ste A
City | PRESCOTT VALLEY | State AZ | Zip 86314

Business Phone | (928)759-2030

Date Business Established | 12/16/2006

Present Management Since | 12/16/2006

Total Employees | 6

Email
Enter Address | bill.bower@heatison.com
Verify Address | bill.bower@heatison.com

Annual Sales Revenue | $1,200,000 (last full year)

Net Profit | $22,000

Has business been processing Visa/MCA transactions for at least 6 months?

Monthly Visa/MC Volume

MCA Referral Eligibility

## Security Code

Security Code
Hint | Name of a Favorite Pet | bruno | Code | (10-character max)

## Information Regarding Money Services Business Activities

Do you offer any money services for your clients (i.e. transmit funds as a business in any amount; cash checks, exchange currency or deal in monetary instruments (including stored value cards), in amounts exceeding $1,000 for any one client on one day]?* No

## Additional Users / Authorized Signers

Would you like to add Additional Users? Yes

| | First Name | Last Name | SSN | Date of Birth |
|---|---|---|---|---|
| 1) | robert | bower | | 12/03/1977 |
| 2) | | | | |
| 3) | | | | |
| 4) | | | | |
| 5) | | | | |
| 6) | | | | |

## Section 3: Principals/Guarantors (1)

A Credit Bureau Report shall be requested for up to 6 Principals/Guarantors.

Principal - bill bower

### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

Principal Name | First bill | Middle | Last bower

Verify Name | bill | XXXXXXXXX bower

Social Security Number

Verify Social Security Number

Are you a U.S. Citizen, or permanent resident?  Yes

Date of Birth   04/19/1944

⊕Yes ○No  Do you agree with the Terms and Conditions?

○Yes ○No  Is this principal secondary to another principal on a joint personal financial statement?

## Business Information

Principal Type  Signer & Guarantor

○Yes ⊕No  Do you want to generate an approval/decline letter addressed to this individual when the application is completed?

Percent Ownership  1 %

## Personal Information

Home/Physical Address

Address Line 1
13147 e brokion ln
Address Line 2                                    (No P.O. Boxes)

City                                State   Zip
Proscoll Valley                     AR    86314

Home Phone  (928)759-9562

Alternate Phone:

Total Assets

Total Liabilities

Net Worth          $0

Equity In Home

Value In Business                   (If included in Total Assets)

Adjusted Net Worth      $0

## Monthly Financial Information

Salary  56,250  per month

Annual Gross Total Household Income  $75,000

Own/Rent?  Owns/Buying

Monthly Rent/Mortgage Payment  $2,000

Other Income  Amount per month   Describe "Other"

## Section 4: Comments

Comment History

On Friday, July 11, 2008 3:41 PM, Kristin.Kennedy wrote:
apprv 30k apr 13.99%

On Friday, July 11, 2008 3:37 PM, Kristin.Kennedy wrote:
pob# verifies to biz on LN using biz addr and dba name of The Heat Is On

On Friday, July 11, 2008 3:27 PM, Kristin.Kennedy wrote:
called cust back @ verified pob# since ste info did not verify

On Friday, July 11, 2008 3:27 PM, Kristin.Kennedy wrote:
installation and svcs, sales//advertise in radio, printed media and tv, www.theheatison.com//biz opened in 1988 and guar purchase the biz in Dec 2006, 870k and put 350k of that from personal svgs//prior to purchasing biz was a fin treas/ceo for 40 yrs//2007 biz rev on app, 2008 is on target for plan, shld be slightly higher than 1.2mm//biz debt - 50k, was from inventory//pol - to consolidate current biz debt and working capital for inventory//2nd mrtg was part pp of the home, fmv - 365-370k//all the ccs on personal file are used for the biz//personal assets - 75k

Proprietary Information and Format.  Copyright © 2000-2009 Baker Hill Corporation.  All Rights Reserved.   Baker Hill Origination Status

# EXHIBIT "3"

M&I Support Services Corporation

## Loan Servicing Center Advance and Payment Request/Swift Financial

Fax: 262-938-8684                    Email: Swift.Financial.LSC@micorp.com

| Date: 7/18/08 | Prepared by: Rosa Gonzales |
| | Phone Number: 18669232215 |
| Customer Name Bill Bower | Account/Note # 8739102933 |

**WIRE REQUEST (must be received prior to 4PM Central Time for same day processing- instructions must have been validated before sending request to LSC)**

Dollar Amount: $ 15,000.00
Loan Balance After Draw: $15,000.00

Wire Instructions:                         Repetitive Code:
Bank Name Wells Fargo
Bank Location
    Address 7520 E State Rte 69
    City/ State Prescott Valley, AZ
ABA Routing Number 122105278
Beneficiary Account Name Terra Bella Holdings LLC
Beneficiary Address 6550 E 2ND St Ste A
    City/ State Prescott Valley AZ 86314
Beneficiary Account Number 1100854601
Ref:
Other Bank Instructions

**CHECK DISBURSMENT REQUEST (must be received no later than 1PM Central Time for same day processing- instructions must have been validated before sending request to LSC)**

Dollar Amount $
Loan Balance after Draw $

Payee:
Street Address:
City/State/Zip:

**INTRABANK TRANSFER (send by 5PM Central Time for same day processing)**

**DRAW INFORMATION:**
Dollar Amount: $                    Deposit Account to Credit:
Loan Balance After Draw: $
Comments:

**PAYMENT INFORMATION:**
Dollar Amount: $                    Deposit Account to Charge:
☐ Regular Payment                  ☐ Principal Only Payment
                                        Loan Balance After Payment: $
                                        (Required for principal only payments)
Comments:

**M&I Security Approval**＿＿＿＿＿＿    **Date** ＿＿＿＿＿＿＿

**TERRA BELLA HOLDINGS LLC**
**BILL BOWER**
STE A
6550 E 2ND ST.
PRESCOTT VALLEY, AZ 86314

1002

12-7215/750
8739102933

DATE 8/5/08

PAY TO THE
ORDER OF _Wells Fargo_ $ 3,500.00

_Thirty Five Hundred 1/100_ DOLLARS

swift
FINANCIAL
MAJ Bank FSB

Swift Business Line of Credit

MEMO _____



⑆075072157⑆ 8739⑈029330⑈ 1002 ⑆0000350000⑆

WELLS FARGO BANK NA DAL
08/06/08 TR 3307 022
0921000001-9
25N07854
0719170523
08072008
0710-0030-1
ENT=1692 TRC=169 WFB NA TEMPE08052008
4146 04930051706 4
>1221-0527-8<
13581: 12 ESU 58

PAY TO THE
WELLS
PRESCOTT 12210527/0
FOR DEPOSIT ONLY
THE HEAT IS ON
110084601

| | |
|---|---|
| Posting Bank | 00873 |
| RTABA (Transit Number) | 7507215 |
| Account Number | 8739102933 |
| Check Number | 1002 |
| Amount | $3,500.00 |
| Posting Date | 2008 Aug 07 |
| Control Number | 2571220177 |
| Tran Code | 800 |
| Document Type | 30 |
| D/C | D |

**TERRA BELLA HOLDINGS LLC**
**BILL BOWER**
STE A
6550 E 2ND ST.
PRESCOTT VALLEY, AZ 86314

1003

12-7215/750
8739102933

DATE *8/7/08*

PAY TO THE ORDER OF *Bank Of America*  $ *1850.00*

*Eighteen Hundred Fifty* NY */100* DOLLARS

**swift**
FINANCIAL
M&I Bank FSB

Swift Business Line of Credit

MEMO

⑆075072157⑆ 8739⑈02933⑈ 1003 ⑆000018500 0⑆

PAY TO THE ORDER OF
BANK OF AMERICA
CHARLOTTE, NC 28255
FOR DEPOSIT ONLY
TERRA BELLA HOLDINGS LLC

BANK OF AMERICA, NA TPE

| | |
|---|---|
| Posting Bank | 00873 |
| RTABA (Transit Number) | 7507215 |
| Account Number | 8739102933 |
| Check Number | 1003 |
| Amount | $1,850.00 |
| Posting Date | 2008 Aug 11 |
| Control Number | 2159353311 |
| Tran Code | 800 |
| Document Type | 30 |
| D/C | D |



This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

| | |
|---|---|
| Posting Bank | 00873 |
| RTABA (Transit Number) | 7507215 |
| Account Number | 8739102933 |
| Check Number | 1004 |
| Amount | $2,300.00 |
| Posting Date | 2008 Sep 25 |
| Control Number | 2798075400 |
| Tran Code | 482 |
| Document Type | 30 |
| D/C | D |

*071000301*
01/02/2009
6313730410

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

12/31/2008

TERRA BELLA HOLDINGS LLC
BILL BOWER
STE A
8550 E 2ND ST.
PRESCOTT VALLEY, AZ 86314

1006

DATE 12/31/08

PAY TO THE
ORDER OF _The Heat is On_                    $ 2600.00

_Twenty Six Hundred and 00/100_                    DOLLARS

swift
financial
BAU Bank FSB

Swift Business Line of Credit

MEMO

⑆075072157⑆ 87391⑈02933⑈ 1006

⑆075072157⑆ 87391⑈02933⑈ 1006 ⑈0000260000⑈

PAY TO THE ORDER OF
WELLS FARGO
PRESCOTT, AZ
FOR DEPOSIT ONLY
THE HEAT IS ON
3100854807

Do not endorse or write below this line.

| | |
|---|---|
| Posting Bank | 00873 |
| RTABA (Transit Number) | 7507215 |
| Account Number | 8739102933 |
| Check Number | 1006 |
| Amount | $2,600.00 |
| Posting Date | 2009 Jan 02 |
| Control Number | 2360188519 |
| Tran Code | 482 |
| Document Type | 30 |
| D/C | D |

*071000301*
01/02/2009
6313730547

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

1221052783  12/31/2008
000000047306463521

TERRA BELLA HOLDINGS LLC
BILL BOWER
STE A
8650 E 2ND ST,
PRESCOTT VALLEY, AZ 86314,

**1007**

12-7215/750
87361D2933

DATE 12/31/08

PAY TO THE
ORDER OF _The Bear Is On_ | $ 170000

_Seven teen Hundred and %00_ DOLLARS

**swift**
FINANCIAL
Member FDIC

Swift Business Line of Credit

MEMO

⑆075072157⑆ 87391·02933⑈ 1007

⑆075072157⑆ 87391⑈02933⑈ 1007  ⑈0000170000⑈

PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.
PRESCOTT, AZ 86301
12208279
FOR DEPOSIT ONLY
THE HEAT IS ON
1100834601

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

↓Do not endorse or write below this line.↓

| | |
|---|---|
| Posting Bank | 00873 |
| RTABA (Transit Number) | 7507215 |
| Account Number | 8739102933 |
| Check Number | 1007 |
| Amount | $1,700.00 |
| Posting Date | 2009 Jan 02 |
| Control Number | 2360188520 |
| Tran Code | 482 |
| Document Type | 30 |
| D/C | D |

# EXHIBIT "4"

# United States Bankruptcy Court
## District of Arizona

IN RE:                                                                          Case No. _____

**BOWER, WILLIAM M. & BOWER, ELIZABETH A.**_____ Chapter **7** _____
                                    Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

### 1. Income from employment or operation of business

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 74,184.00 | 2006 Income Tax Return ( Legal Secretary & Retirement |
| 27,712.00 | 2007 Income Tax Return ( Retired) |
| 0.00 | 2008 Income Tax Return ( Retired) |
| | Negative 105,246.00 |

---

### 2. Income other than from employment or operation of business

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

<sup>None</sup> *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[✓]

<sup>None</sup> *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[✓]

## 4. Suits and administrative proceedings, executions, garnishments and attachments

<sup>None</sup> a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[ ]

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Arizona Registrar of Contractors ( Complaintant) EEPCO Distributing/Lynn Ellis, (Respondent) The Heat is On Complaint No. A09-0400** | **Sold wholesale venting products to The Heat is on, and has not yet been paid** | | **Letter Dated 05/01/2009. Letter dated 05/26/2009 stating the complaint has been closed** |
| **Arizona Registrar of Contractors ( Respondent) The Heat is On, ( Complaintant) Mary Carruthers Complaint No. A09-0413** | **Paid for Delivery and Installation of Pellet Stove, work was never performed** | | **Letter dated 05/22/2009** |
| **Arizona Registrar of Contractors- (Respondent) The Heat Is On, (Complaintant) Pamela Carver Complaint No. A09-0389** | **Paid for Delivery and Installation of fireplace, work was never performed** | | **Letter dated 05/29/2009** |
| **Registrar of Contractors ( Respondent) The Heat is On/ Curtis Holder,( Complanainant) Donna Moreland Complaint No. A10-0002** | **Gas log installed into airless stove failed to work properly and resulted in explosion** | | |

<sup>None</sup> b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[✓]

## 5. Repossessions, foreclosures and returns

<sup>None</sup> List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[ ]

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **GMAC Post Office Box 380902 Bloomington, MN 55438-0902** | **06/12/2009** | **2007 Silverado Pick-up Truck** |

## 6. Assignments and receiverships

<sup>None</sup> a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

[✓]

<sup>None</sup> b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[✓]

## 7. Gifts

<span style="font-variant:small-caps">None</span> ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

<span style="font-variant:small-caps">None</span> ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

<span style="font-variant:small-caps">None</span> ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| LAW OFFICES OF MONTE ALAN RICH, LLC<br>302 West Willis Street, Suite 100<br>Prescott, AZ 86301 | | 3,000.00 |
| INCHARGE EDUCATION FOUNDATION<br>2101 Park Center Drive, Suite 310<br>Orlando, FL 32835 | | 30.00 |

## 10. Other transfers

<span style="font-variant:small-caps">None</span> ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<span style="font-variant:small-caps">None</span> ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## 11. Closed financial accounts

<span style="font-variant:small-caps">None</span> ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| WASHINGTON MUTUAL<br>Phoenix, AZ 32901 | | |
| WELLS FARGO<br>Highway 69<br>Prescott Valley, AZ 86314 | Business Account<br>Acct No. 110854601 | Closed with overdrawn amount |
| WELLS FARGO<br>Highway 69<br>Prescott Valley, AZ 86314 | Checking Account<br>9662170530 | Closed with overdrawn amount |
| Bank Of America<br>7490 East Highway 69<br>Prescott Valley, AZ 86314 | Business account<br>Acct no. 004377441916 | Closed 06/2009<br>Bank closed the account 2029.21 |

## 12. Safe deposit boxes

<span style="font-variant:small-caps">None</span> ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☐ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 15082 N. 85th Drive, Peoria Az 85381 | | 09/16/2005-07/01/2007 |

**16. Spouses and Former Spouses**

None ☑ If debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| TERRA BELLA HOLDINGS dba | 20-8124393 | 6550 East 2nd Street | Fireplaces, | Jan 2007 to |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

### 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

### 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

### 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

### 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### 24. Tax Consolidation Group

<sup>None</sup> ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

### 25. Pension Funds.

<sup>None</sup> ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **August 4, 2009**                    Signature  */s/ WILLIAM M. BOWER*
                                            of Debtor                                    **WILLIAM M. BOWER**

Date: **August 4, 2009**                    Signature  */s/ ELIZABETH A. BOWER*
                                            of Joint Debtor                              **ELIZABETH A. BOWER**
                                            (if any)

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only